# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Michael L. McGinley, et al.,

v.

Munchkin, Inc.

Case No. 09-0257-GAF

## PLAINTIFFS' "MARKMAN" BRIEF IN SUPPORT OF
## PROPOSED CLAIM CONSTRUCTION

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL L. McGINLEY, et al.,

Plaintiffs,

vs.

Case No. 4: 09-CV-00257-GAF

MUNCHKIN, INC.,

Defendants.

## DEFENDANT MUNCHKIN, INC'S AMDNED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Munchkin, Inc.("Munchkin") provides its amended objections and responses to Plaintiffs' First Interrogatories.

## GENERAL OBJECTIONS

1. Munchkin objects to these interrogatories to the extent that they seek information protected by the attorney client privilege, the work product doctrine, or Fed. R. Civ. P. 26(b).

2. Munchkin objects to these interrogatories to the extent that they seek to impose obligations that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure.

3. Munchkin objects to these interrogatories to the extent that they imply that the requested information is within the custody or control of Munchkin. To the extent that Munchkin has within its custody or control any relevant information responsive to any such requests, such information will be supplied subject to any other objections asserted herein.

4. Munchkin objects to the definition of "Rinse Cup Products." The terms "rinsers" and "rinser cups" are vague and ambiguous and, as a result, may possibly include products

1

refers Plaintiffs to the documents produced in response to Plaintiff's First Request for Production.

11. State when and describe how You first became aware of the Patent and/or the Shampoo Rinse Cup and identify the individuals likely to have discoverable information relevant to this issue.

**ANSWER:** Munchkin objects to this interrogatory to the extent it calls for the production of information protected by the attorney-client privilege, work product, or other privileges or protections. Munchkin further objects to this request as overly broad and unduly burdensome to the extent the definition of "You" would require the determination of when and/or if each and every officer, employee, agent and/or other representative of Munchkin first became aware of the Patent and/or the Shampoo Rinse Cup, regardless of whether that information is relevant to the facts at issue in this matter. Subject to and without waiver of the foregoing objections, and in light of the clarifications offered by Plaintiffs during meet and confer conversations between Kip Richards and Cameron Garrison, Munchkin states that, to the best of its current knowledge, the earliest corporate documentation indicating Munchkin's awareness of the Shampoo Rinse Cup is a Marketing Information Sheet (MIS) dated April 14, 2008 and the contents of that document speak for themselves. Munchkin further states that Doug Gillespie is the Munchkin employee most likely to possess discoverable information relevant to the transactions in question.

12. State the date on which you first obtained a Shampoo Rinse Cup and identify the person(s) from whom you obtained it.

**ANSWER:** Munchkin objects to this interrogatory to the extent it calls for the production of information protected by the attorney-client privilege, work product, or other privileges or

11

protections. Munchkin further objects to this request as overly broad and unduly burdensome to the extent the definition of "You" would require the determination of when and/or if each and every officer, employee, agent and/or other representative of Munchkin first became aware of the Patent and/or the Shampoo Rinse Cup, regardless of whether that information is relevant to the facts at issue in this matter. Subject to and without waiver of the foregoing objections, and in light of the clarifications offered by Plaintiffs during meet and confer conversations between Kip Richards and Cameron Garrison, Munchkin states that, to the best of its current knowledge, the earliest corporate documentation indicating Munchkin's awareness of the Shampoo Rinse Cup is a Marketing Information Sheet (MIS) dated April 14, 2008 and the contents of that document speak for themselves.

13. Identify all rinsers or rinse cup devices other than Rinse Cup Products of which You are aware. Describe how and state the dates on which You first became aware of each such device.

**ANSWER:** Munchkin objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that the request requires Munchkin to provide a substantial amount of information wholly unrelated to the issues in this lawsuit. Subject to and without waiver of the foregoing objections, Munchkin states that it is aware of at least the following: Summer Infant Tub Time Rinse n Pour Pitcher, Safety 1st No Tears Rinse Cup, Pooh Hunny Pot Bath Rinse Pitcher, Trendy Kid Shampoo Rinse Cup, Lil Rinser, Especially for Baby Garden Watering Can, Sassy Bath and Sun Visors, Ducky Baby Bath/Sun Visor, Dora Watering Can, Life is Good Bath Set Tin Watering Can. To the extent the remaining requested information is discoverable it may be determined by examining Munchkin's records, and the burden of ascertaining the answer to this portion of interrogatory thus will be substantially the same for either party. Therefore,

Dated: January 4, 2010

        Respectfully submitted as to objections only,
        LATHROP & GAGE LLP

        By:   /s/ R. Cameron Garrison
              R. Cameron Garrison
              David R. Barnard
              2345 Grand Blvd., Ste. 2800
              Kansas City, MO 64108-2684
              816/292-2000
              816/292-2001 (Facsimile)

        ATTORNEYS FOR DEFENDANT

20
CC 2169621v1

Case 4:09-cv-00257-GAF  Document 30-4  Filed 01/22/10  Page 5 of 6

# AFFIDAVIT

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

    BEFORE ME, the undersigned authority, on this day personally appeared _____, _____ of Munchkin, Inc., known to me to be qualified in all respects to make this Affidavit, whom being first by me duly sworn on oath states that:

    "I have read the above answers to Interrogatories and the answers are true and correct and are within my personal knowledge."

_____

    SUBSCRIBED AND SWORN TO BEFORE ME, on this ____ day of _____, 2009, to certify which witness my hand and seal of office.

_____
Notary Public in and for the
COUNTY AND STATE AFORESAID

Printed Name of Notary
_____

My Commission Expires:
_____

21