# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. MCGINLEY, et al., | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0257-CV-W-GAF |
| | ) | |
| MUNCHKIN, INC., | ) | |
| | ) | |
|        Defendant. | ) | |

## CLAIM CONSTRUCTION OF '675 PATENT

Presently before the Court are the arguments propounded by the parties regarding how terms and phrases used in the disputed patent, United States Patent 7,441,675 ("the '675 patent"), should be construed and interpreted. Patent infringement analysis involves two steps. The present Order addresses the first step and defines the terms and phrases in the '675 patent.

## DISCUSSION

### I.    Legal Principles of Claim Construction

As previously indicated, patent infringement disputes are resolved through a two-step process. *Mars, Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1373 (Fed. Cir. 2004). In the first step, the Court construes the scope and meaning of the claims as a matter of law. *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1231 (Fed. Cir. 2001). Next, the jury, or other fact-finder, compares the properly-construed claim to the accused device or process to determine if infringement has, in fact, occurred. *Id.*

When construing the claims of a patent, the Court must be guided first, and foremost, by "the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.

Cir. 1996). "Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language." *Id.*

In the absence of an express intent to the contrary, "terms in a claim are to be given their ordinary and accustomed meaning." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1249 (Fed. Cir. 1998). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). A person of ordinary skill in the art is presumed to have read the claim term in the context of the entire patent, including the claim itself and the specification. *Id.*

Many times the context of the surrounding words of the claim provide substantial guidance in determining the ordinary and customary meaning of the disputed terms. *ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003). In other instances, the other claims of the patent at issue may also aid in defining a claim term. *Phillips*, 415 F.3d at 1314.

Nevertheless, the claims cannot be read alone, but rather "must be read in view of the specification, of which they are a part." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978 (Fed. Cir. 1995). It has been said that the specification "'is the single best guide to the meaning of a disputed term'" and is often dispositive. *Phillips*, 415 F.3d at 1315 (quoting *Vitronics*, 90 F.3d at 1582). That being said, the Court may not "import limitations from the specification into the claims." *Varco, L.P. v. Pason Sys. USA Corp.*, 436 F.3d 1368, 1373 (Fed. Cir. 2006) (quotations and citations omitted).

The Court should also consider the prosecution history of the patent, if it is in evidence. *Phillips*, 415 F.3d at 1317. "Like the specification, the prosecution history provides evidence of how the PTO and the inventor understood the patent." *Id.* However, because it represents an ongoing

negotiation rather than the final product, the value of the prosecution history, which often lacks the clarity of the specification, is more limited. *Id.*

In addition to intrinsic evidence, extrinsic evidence, such as expert testimony, dictionaries, or treatises, may also be considered, however, only if needed. *Id.*; *Vitronics*, 90 F.3d at 1583. Reliance on extrinsic evidence is improper where the public record unambiguously describes the scope of the patented claims. *Vitronics*, 90 F.3d at 1583. In any case, extrinsic evidence, which is generally less reliable than the intrinsic evidence, must be considered in the context of the intrinsic evidence. *Phillips*, 415 F.3d at 1318-19.

Guided by the principles set forth above, the Court concludes the following definitions of terms and phrases are appropriate. The following includes those claim constructions to which the parties stipulated and those in dispute. In the case of each disputed construction, the Court finds the preferred construction is more accurately supported by the intrinsic evidence, particularly the language of the claims themselves and the specification. Each definition shall carry throughout the entirety of the claim unless stated otherwise.

**II.     Claim Construction**

"[C]omprising" means including but not limited to.

"[I]nterior means the inward space bounded by the continuous side wall.

"[D]efine" means to make or create.

**IT IS SO ORDERED.**

                                                          s/ Gary A. Fenner
                                                        Gary A. Fenner, Judge
                                                        United States District Court

DATED:   April 2, 2010