IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. MCGINLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0257-CV-W-GAF |
| | ) | |
| MUNCHKIN, INC., | ) | |
| Defendant. | ) | |

### ORDER

Presently before the Court is Defendant Munchkin, Inc.'s ("Defendant") Motion for Summary Judgment of Non-Infringement filed pursuant to Fed. R. Civ. P. 56. (Doc. # 24). Defendant contends its product, the Munchkin Shampoo Rinser (the "Munchkin Rinser"), does not literally, or by equivalency, infringe United States Patent No. 7,441,675 (the "'675 Patent") because its product does not have the requisite "divider." *Id.* Plaintiffs Michael L. McGinley and S.C. Products, Inc. (collectively "Plaintiffs") oppose. (Doc. # 39). After consideration of the parties' respective arguments and for the following reasons, Defendant's Motion is **DENIED**.[1]

### DISCUSSION

**I.        Facts**

The instant action arises from Defendant's alleged infringement of the '675 Patent through its product, the Munchkin Rinser. (Amended Complaint ("Complaint")). On February 2, 2004, Mr.

---

[1]Plaintiffs' Motion for Leave to File Surreply (Doc. # 66) is **GRANTED**. The Court considered Plaintiffs' arguments in their proposed surreply (Doc. # 66-1) when ruling on the pending Motion.

1

McGinley[2] filed his application for a patent for a flexible panel pitcher with the United States Patent and Trademark Office (the "PTO"). ('675 Patent). In his initial application, Mr. McGinley did not include a divider limitation in application claims 1 and 7, but did set forth a divider limitation in dependent claims. (2/2/04 Application, pp. 11-14; 10/2/07 Amendment, pp. 2-3, 5). Thereafter, the PTO rejected Mr. McGinley's application claims 1 and 7 as anticipated by and obvious from prior art but indicated that the divider limitation "would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims." (12/13/07 Office Action Summary, pp. 1, 4). On March 12, 2008, Mr. McGinley cancelled application claims 1 and 7 and set forth new application claims 32 and 33, which eventually became issued claims 1 and 7. (3/12/08 Amendment, pp. 2-3). New application claims 32 and 33 included the following divider limitation:

> a divider spanning said interior and contacting said bottom to define first and second fluid-holding portions of said interior, said divider being oriented generally parallel to said flexible panel, said first and second fluid-holding portions operating to approximately concurrently pour a fluid onto the object pressed against said flexing panel.

*Id.* Based on the March 12 Amendment, the '675 Patent was allowed (6/23/08 Notice of Allowability) and was issued on October 28, 2008. ('675 Patent).

On March 31, 2010, the Court held a *Markman* hearing and thereafter issued its Claim Construction Order, which construes terms used in the '675 Patent. (Doc. ## 67, 70). Pursuant to the Claim Construction Order, "interior" means the inward space bounded by the continuous side wall, and "define" means to make or create. (Doc. #70, Sec. II).

---

[2]Brian Lau is identified as a co-inventor of the '675 Patent; however in February 2004, Mr. Lau assigned all of his right, title, and interest in and to the '675 Patent to Mr. McGinley. (Doc. # 30, p. 1, n. 1).

Munchkin contends its product does not meet the divider limitation, arguing the Munchkin Rinser does not have a divider that creates two fluid-holding portions. (Doc. # 25, p. 9). Plaintiffs disagree, stating Munchkin's Rinser infringes the divider limitation literally, or in the alternative, through the doctrine of equivalents. (Doc. # 39). In support of their position, Plaintiffs submitted the following labeled photograph ("Figure 1") of the Munchkin Rinser, detailing the elements Plaintiffs allege infringe their patent.



FIG. 1

Plaintiffs allege Element J is literally or the equivalent of a "divider" that creates the two "fluid-holding portions," Element K and Element L. Additionally, Plaintiffs provide expert testimony from Plaintiff Mr. McGinley and J. Kenneth Blundell, in the form of sworn affidavits, supporting Plaintiffs' position.[3] (McGinley Aff.; Blundell Aff.). Both Mr. McGinley and Mr. Blundell provided analysis of the Munchkin Rinser as it relates to the claim limitations and opined that Defendant's product did infringe the '675 Patent. *Id.*

## II. Legal Standards

### A. *Summary Judgment*

"Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994). However, "[m]any, if not most, suits for patent infringement give rise to numerous and complex fact issues, rendering those suits inappropriate for summary disposition." *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1571 (Fed. Cir. 1984). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the party opposing summary judgment raises a

---

[3]Defendant argues the Court should not consider these individuals' sworn statements because they are improper conclusions that are not supported by evidence or analysis. After review of the affidavits, the Court disagrees and will therefore consider them.

Defendant further argues Plaintiffs' third purported expert, Sean Suiter, is not qualified to testify as an expert regarding infringement and his affidavit should therefore be stricken. The Court shares Defendant's concern. Nevertheless, the Court finds Mr. Suiter's testimony is not necessary to rule on the pending Motion and, accordingly, does not consider it in its decision. The issue of whether Mr. Suiter's testimony on infringement is admissible will be revisited at a time closer to trial and upon the appropriate motion by the parties.

4

genuine issue of material fact by proffering expert testimony in conflict with the positions of the moving party, summary judgment is properly denied. *See, e.g., Metro. Life Ins. Co. v. Bancorp Serv., L.L.C.*, 527 F.3d 1330, 1338-39 (Fed. Cir. 2008) (holding the "conflict in [expert] declarations created a genuine issue of material fact that made summary judgment inappropriate").

In determining whether summary judgment is appropriate, "credibility determinations may not be made, and the evidence must be viewed favorably to the non-movant, with doubts resolved and reasonable inferences drawn in the non-movant's favor." *Wanlass v. Fedders Corp.*, 145 F.3d 1461, 1463 (Fed. Cir. 1998). However, "[w]here a movant has supported its motion with affidavits or other evidence which, unopposed, would establish its right to judgment, the non-movant may not rest upon general denials in its pleadings or otherwise, but must proffer countering evidence sufficient to create a genuine factual dispute." *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987).

### B.     *Infringement*

Determination of patent infringement requires a two-step analysis: (1) the scope of the claims must be construed; and (2) the allegedly infringing device must be compared to the construed claims to determine whether all of the claim limitations are present literally or by a substantial equivalent. *Mars, Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1373 (Fed. Cir. 2004); *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1247-48 (Fed. Cir. 1998). The patent-holder bears the burden of proving infringement by the preponderance of the evidence. *Lemelson v. United States*, 752 F.2d 1538, 1547 (Fed. Cir. 1985). Infringement, whether literal or by equivalents, is a question of fact. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1125 (Fed. Cir. 1985) (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950)).

5

To establish literal infringement, every limitation of the patent claim must be present in the accused device. *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1231 (Fed. Cir. 2001). Any deviation from the claim precludes a finding of literal infringement. *Lantech, Inc. v. Keip Machine Co.*, 32 F.3d 542, 547 (Fed. Cir. 1994).

If a product does not literally infringe upon the express terms of a patent claim, such product may nonetheless be found to infringe if there is "equivalence" between the elements of the accused product and the claimed elements of the patented invention. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) (citation omitted). The doctrine of equivalence "allows a court to find infringement when the accused device and claimed invention perform substantially the same function in substantially the same way to yield substantially the same result." *Lemelson*, 752 F.2d at 1550 (citations omitted).

Nevertheless, the doctrine of equivalence may not be used to expand the protection of the patent after examination has been completed. *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed. Cir. 1995). When, during the prosecution of a patent, the patentee amends or narrows a claim to distinguish it from prior art, prosecution history estoppel is presumed to limit the range of equivalents protected by the amended claim. *Id.* at 1578. Specifically, prosecution history estoppel prevents recapture of subject matter surrendered during prosecution of the patent. *Id.* at 1579. Whether prosecution history estoppel applies is a matter of law to be determined by the Court. *Warner-Jenkinson*, 520 U.S. at 39, n.8.

**III.    Analysis**

The sole issue in the present Motion is whether the Munchkin Rinser meets the divider limitation of independent claims 1 and 7 of the '675 Patent. Questions of material fact preclude

6

summary judgment on this issue. When examining the Munchkin Rinser as represented in Figure 1 and considering Plaintiffs' expert testimony, a reasonable jury could find that Element K and Element L are literally, or the equivalent of, two fluid-holding portions. Based on Plaintiffs' evidence, it could further be found that these two fluid-holding portions are located within the inward spaced bounded by the continuous side wall and are divided by Element J. Finally, a reasonable jury could conclude, based on the evidence, that Element J literally, of by equivalency, makes or creates the two fluid-holding portions, Element K and Element L. Thus, summary judgment is precluded as to the divider limitation.

Contrary to Defendant's suggestion, prosecution history estoppel does not apply in this case. Plaintiffs are not seeking to expand the protection of the patent to include products without a divider or its equivalent. For prosecution history estoppel to apply, Plaintiffs would have to contend the Munchkin Rinser infringes the '675 Patent even though the product lacked a divider or its equivalent. This is not Plaintiffs' argument; they allege Element J of the Munchkin Rinser is a divider or its equivalent. Accordingly, Defendant's estoppel argument fails.

## CONCLUSION

Questions of material fact regarding whether the Munchkin Rinser includes a divider or its equivalent preclude summary judgment. Accordingly, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 8, 2010