THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. McGINLEY, et al., | |
| Plaintiffs, | Case No. 09-CV-00257-GAF |
| vs. | |
| MUNCHKIN, INC., | |
| Defendant. | |

**SUGGESTIONS IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

The Court should deny Defendant Munchkin's motion for reconsideration. The Court did not make any mistake of law or fact. A patentee is not prohibited from asserting infringement under the doctrine of equivalents every time she or he amends a pending patent claim. This is true of claim amendments in general, and of the specific amendments that the patent-holder, Mike McGinley, made in this case. Prosecution history estoppel "is a 'rule of patent construction that ensures that claims are interpreted by reference to those 'that have been cancelled or rejected.'" *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 733 (2002) (emphasis added) (quoting *Schriber-Schroth Co. v. Cleveland Trust Co.*, 311 U.S. 211, 220-221 (1040)). When a patentee originally claimed the subject matter alleged to infringe his patent, ***but then narrows the claim in response to a rejection by the PTO***, the patentee may not argue that "***the surrendered territory comprised unforeseen subject matter that should be deemed equivalent to the literal claims of the issued patent***." *Id*. at 733-34 (emphasis added).

The "surrendered territory" at issue in this case is a "dividerless" flexible panel rinse cup, as originally recited in applications claims 1 and 7. These were the only claims that McGinley

cancelled and "surrendered." These are the claims that McGinley, in fairness, can be said to have given up. McGinley at no point "narrowed" those claims in response to a PTO rejection. McGinley, instead, simply opted to cancel the claims to a "dividerless" flexible panel rinser for purposes of his '675 patent and to move ahead with the then-existing claims for the divided rinser invention. Because McGinley is not seeking to recapture any "surrendered ground," estoppel does not apply.

The Court got it right: "prosecution history estoppel does not apply in this case." (Doc. #71 at 7) The reason is simple: "Plaintiffs are not seeking to expand the protection of the patent to include products without a divider or its equivalent" (i.e., the only territory that McGinley arguably surrendered for purposes of the '675 patent). (Id.) As the Court correctly determined and held:

> For prosecution history estoppel to apply, Plaintiffs would have to contend the Munchkin Rinser infringes the '675 Patent even though the product lacked a divider or its equivalent. This is not Plaintiffs' argument; they allege Element J of the Munchkin Rinser is a divider or its equivalent. Accordingly, Defendant's estoppel argument fails.

(Id.)

Munchkin continues to argue that the particular manner in which McGinley amended his claims during the prosecution of the '675 patent presents a scenario that removes the doctrine of equivalents from this case as a matter of law. Munchkin is misapplying the language of the cases to the particular facts of this case in an effort to show that McGinley "surrendered" more than a dividerless flexible panel rinser. Neither the record in this case nor the law supports Munchkin's position. McGinley in no way surrendered the divider element or its equivalents in the course of

pursuing his patent. McGinley, at most, surrendered the invention of a flexible panel rinser without a divider for purposes of the '675 patent. A "dividerless" rinser, not the divider, is the only "surrendered territory" (the only "cancelled claim") to which a presumption of estoppel could arguably apply.

Munchkin renews its reliance on *Honeywell Intern. Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1139-1140 (Fed. Cir. 2004) and *Felix v. American Honda Motor Co., Inc.*, 562 F.3d 1167 (Fed. Cir. 2009). The Court rejected Munchkin's arguments before. It should do so again.

A careful reading of the facts in both *Felix* and *Honeywell* reveals that neither case is on point. In *Felix*, the patentee narrowed the "bed opening/rim" element (a) *as recited in the original independent claim* (application claim 1), which was ultimately cancelled, through the addition of a "channel" and an "inner lip" having a "weathertight gasket mounted on said lip and engaging [the] lid in its closed position" via multiple, successive amendments. 562 F.3d at 1171-1175. The addition of the "channel" and "weathertight gasket" directly altered the "bed opening/rim" configuration of the original claim before it was cancelled. The addition of the "channel" and "weathertight gasket" narrowed the available universe of "bed openings" available to the patentee. Similar conduct occurred in *Honeywell*, where the patentee modified and narrowed, via amendment, the "compressor" and other elements *as recited in the original independent claim* (e.g., what became representative claim 8) through the addition of "inlet guide vanes" and a "control set point" "means" or "method." 370 F.3d at 1134-1137 & nn. 2-4. The modification of the compressor element as recited in the original claim narrowed the universe of compressors available to the patentee. The compressor element to the claimed invention was no longer just a compressor; it was a compressor having "inlet guide vanes" in

3

addition to a "means" or "method" for fixing a "control set point." The circumstances here are different.

Although McGinley changed the form of application claims 31 and 32 in response to the patent examiner's objection, in doing so, McGinley did not "add" the divider element to the claims. The divider element was then already an independent part of claims 31 and 32, together with the separate elements incorporated into those claims. See 35 U.S.C. § 112, ¶4 ("A claim in dependent form shall be construed to incorporate by reference all the limitation of the claim to which it refers"). Changing the form of an existing dependent claim containing an additional element that has not and does not narrow any of the antecedent claim elements into an independent claim, and then cancelling the **unaltered** antecedent claim *in toto*, cannot fairly be said to narrow the antecedent claim such that an estoppel as to the additional element should arise. The scope of the dependent-now-independent claim does not change in these circumstances, and thus, the requisite "narrowing" needed to invoke presumptive estoppel as to the additional element under *Festo* does not occur. As with infringement under the doctrine of equivalents, prosecution history estoppel should be applied element-by-element and not to an invention as a whole. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co*., 520 U.S. 17, 29 (1997) ("doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole").

The divider element to McGinley's invention did not alter or change any of the other elements recited in original, independent claims 1 and 7. The structure and function of each of those elements remained unchanged. The side wall, bottom, inwardly flexible panel, and rim elements as recited in application claims 1 and 7 adequately described a dividerless flexible panel rinser. Those elements remained intact and unaffected by the divider element. (Doc.#30-6

4

Case 4:09-cv-00257-GAF    Document 83    Filed 05/03/10    Page 4 of 9

at 092-093, 095, 111, 113, 11-120, 121)  Consequently, when McGinley cancelled application claims 1 and 7 and restated dependent claims 31 and 32 in independent form, no "narrowing in response to a PTO rejection" occurred.  McGinley merely cancelled the broader, rejected claims covered by the unmodified original elements (claims that remain the subject of two continuation-in-part applications),[1] and moved ahead with the claims that he knew would be allowed.  (Doc. #30-6 at 119-21)   By proceeding in this manner, McGinley in no way included the divider element as a part of the territory surrendered by the cancellation of claims 1 and 7.  The only thing given up for purposes of the '675 patent, was a dividerless rinser.  This is why prosecution history does not apply.

The remaining decisions to which Munchkin for the first time cites, *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 595 F.3d 1340 (Fed. Cir. 2010) and *AquaTex Industries, Inc. v. Techniche Solutions*, 479 F.3d 1320, 1325 (Fed. Cir. 2007), actually illustrate Plaintiffs' point.

In *AquaTex*, the court held that prosecution history estoppel applied because the accused product was the same as a prior art reference in response to which the patentee in the case had narrowed his original, broader claims (viz., the Zafiroglu '297 patent and the defendant's "like product").  479 F.3d at 1325-26.  As in *Felix* and *Honeywell*, the patentee narrowed the claim elements originally recited in the broader claims.  *Id.* at 1324.  *AquaTex* would be on point if Plaintiffs here were asserting that a dividerless rinser infringed the '675 patent and that the Munchkin rinser was such a rinser.  "This[, however,] is not Plaintiffs' argument."  (Doc. #71 at 7)  The Munchkin device has an "inner divider," and thus, is fundamentally different from the dividerless rinser recited in application claims 1 and 7, which McGinley gave up for purposes of

---

[1]  See U.S. Application Serial No.'s 11-850,476 and 12-255,797.

5

the '675 patent. The Court's decision is in accord. McGinley is not seeking to "recapture" a dividerless rinser.

The decision in *Trading Technologies Intern., Inc. v. eSpeed, Inc*., 595 F.3d 1340 (Fed. Cir. 2010), the final case on which Munchkin relies, supports the Court's decision. The facts in *Trading Technologies* showed that, during prosecution, the inventors "surrendered any subject matter that moves automatically." *Id*. at 1357. The inventors in *Trading Technologies* surrendered an "automatic movement" subject matter just as McGinley "surrendered" a flexible panel rinser that did not have a divider for purposes of the '675 Patent. The court in *Trading Technologies* held that the patent assignee was thereby precluded by prosecution history estoppel from asserting that the defendant's device (the eSpeedometer) was an infringing equivalent "because its price level [i.e., the price indicator] automatically drifts [i.e., moves automatically] towards the center of the display after every change in the inside market." *Id*. The automatically moving price level is analogous to a "dividerless" rinser in this case. The Court's decision here follows this logic. A patentee can only be presumptively estopped from asserting that the subject matter which he or she "surrendered" (i.e., subject matter covered by a broader, original claim that the patentee cancelled) infringes an amended patent claim under the doctrine of equivalents. A patentee, however, is not estopped from asserting that which was not surrendered, which only makes sense.

By definition, the scope of an estoppel must be measured by what is given up and what is sought to be recaptured. *See Festo,* 535 U.S. at 737 ("[t]hough prosecution history estoppel can bar a patentee from challenging a wide range of alleged equivalents made or distributed by competitors, its reach requires an examination of the subject matter surrendered by the narrowing amendment"). Here, the most that McGinley surrendered was a "dividerless" rinse cup. The

surrender occurred through the cancellation of application claims 1 and 7.  Because the separate elements to those cancelled claims were never modified or narrowed by the McGinley divider, the scope of any applicable estoppel – the extent of the "territory" that McGinley "surrendered" for purposes of his '675 patent (what he cancelled in response to the rejection) – was and remained a "dividerless" rinse cup, nothing more.  *See Festo*, 535 U.S. at 738 ("[t]here is no reason why a narrowing amendment should be deemed to relinquish equivalents unforeseeable at the time of the amendment and beyond a fair interpretation of what was surrendered").  By asserting that the Munchkin rinser, with its inner divider, infringes the '675 patent by equivalence, McGinley is in no way attempting to recapture the dividerless rinser that he gave up.  Defendant's Motion for Reconsideration should be denied.  Plaintiffs cannot be estopped from asserting something they do not assert.

Finally, and as Plaintiffs previously established, Munchkin's assertions of estoppel are untenable in any event.  The ability of a patentee to assert infringement by equivalence is not an "all or nothing" proposition.  The surrender of subject matter during patent prosecution creates a "rebuttable" presumption against equivalence.  *Festo*, 535 U.S. at 737-41.  The record in this case, including the prosecution history of the '675 patent, the Munchkin device and McGinley's affidavit shows that, in restating application claims 31 and 32 in independent form, McGinley did not modify the elements to the original independent claims, or modify the divider element in any way.  *See, e.g., Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 344 F.3d 1359, 1369-70 (Fed. Cir. 2003) (explaining evidentiary basis for rebutting presumptions).  McGinley did not choose one divider over another.  McGinley simply rewrote claims 31 and 32 in independent form given the examiner's objection and underlying rejection to claims 1 and 7 based on the Seki patent (No. 4,609,113).  (Doc. #30-6 at 111, 112, 113)  The amendment was

7

not made to "avoid" prior art, let alone prior art containing the equivalent in question. (Id.) Seki does not contain a divider. (Id. & Ex. 1)[2]  Nor is the Munchkin rinser "in the prior art." Nor is it reasonable to expect that McGinley or some other person skilled in the art could have foreseen that the Munchkin device would be deemed to be an equivalent of the surrendered claims at the time McGinley restated application claims 31 and 32. (Doc. #30-6, ¶¶7-19). The decision of whether a patent-holder successfully rebuts the presumption of surrender of equivalents is question of law. *Festo*, 344 F.3d at 1367; *Cerner Corp. v. Visicu, Inc.*, 667 F.Supp.2d 1062, 1073 (W.D. Mo. 2009) ("Whether prosecution history estoppel applies is a matter of law to be determined by the Court"). Accordingly, if for whatever reason the Court reconsiders its decision and concludes that a presumption of prosecution history estoppel exists, the Court should also conclude that Plaintiffs have successfully rebutted the presumption. The alleged equivalent was not foreseeable at the time McGinley restated application claims 31 and 32, the rationale underlying the "amendment" of application claims 31 and 32 bears no relation to the equivalent in question, and/or there was "some other reason" suggesting that McGinley could not reasonably have been expected to have described the alleged equivalent. (Doc. #30-6 & at 109-123; #39-3, ¶¶7-19)

## **CONCLUSION**

For the forgoing reasons, the Court should deny Defendant's motion for reconsideration. (Doc. #75)

---

[2] *See, e.g., Pepitone v. American Standard, Inc.* (No. 92-1284), 1992 WL 336539, *3 n.1 (Fed. Cir. 1992) (court may take judicial notice of published patents under Fed.R.Evid. 201(b) and (c)).

Dated: May 3, 2010

                                      Respectfully Submitted,

                                      WALTERS BENDER STROHBEHN
                                        &. VAUGHAN, P.C.

                                     By    */s/ Kip D. Richards*
                                       Kip D. Richards - Mo. Bar 39743
                                       2500 City Center Square
                                       1100 Main Street
                                       P.O. Box 26188
                                       Kansas City, MO 64196
                                       (816) 421-6620
                                       (816) 421-4747 (Facsimile)

                                     ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, Western Division, **this 3rd day of May 2010,** with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons.

                                                 /s/ Kip D. Richards

9

Case 4:09-cv-00257-GAF   Document 83   Filed 05/03/10   Page 9 of 9