# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL L. MCGINLEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 09-0257-CV-W-GAF |
| ) | |
| **MUNCHKIN, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Presently before the Court is Defendant Munchkin, Inc.'s ("Defendant") Motion for Reconsideration of Prosecution History Estoppel Ruling. (Doc. # 75). Defendant argues the April 8, 2010, Order denying summary judgment (Doc. # 71) contains manifest errors of law, which would constitute reversible error on appeal. (Doc. ## 75-76). Plaintiffs Michael L. McGinley and S.C. Products, Inc. (collectively "Plaintiffs") oppose. (Doc. # 83). While the Court agrees the April 8 Order does warrant clarification, the ultimate denial of summary judgment remains intact. Defendant's Motion is **GRANTED** accordingly.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). Ruling on a motion for reconsideration is within the sound discretion of the district court. *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 924 (8th Cir. 1998) (citations omitted).

In the April 8 Order, the Court found prosecution history estoppel did not apply in the case and stated:

> For prosecution history estoppel to apply, Plaintiffs would have to contend the Munchkin Rinser infringes the '675 Patent even through the product lacked a divider or its equivalent.

(Doc. # 71, p. 7). This statement is incorrect. The Federal Circuit has held "that the presumption of prosecution history estoppel attaches when a patentee cancels an independent claim and rewrites a dependent claim in independent form for reasons related to patentability." *Felix v. Am. Honda Motor Co.*, 562 F.3d 1167, 1183 (Fed. Cir. 2009). Here, Mr. McGinley, as the inventor, cancelled independent claims and rewrote a dependant claim in independent form in response to the patent examiner's rejection of patentability. Prosecution history estoppel is, therefore, presumed applicable and an equivalency argument is presumptively not available with respect to the divider limitation.

Nevertheless, the presumption can be rebutted by demonstrating that (1) the alleged equivalent was unforeseeable at the time of the narrowing amendment; (2) the rationale for the amendment bore no more than a tangential relation to the equivalent; or (3) there was "some other reason" suggesting that the patentee could not have reasonably been expected to describe the alleged equivalent. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1368 (Fed. Cir. 2003) (citation omitted). To rebut the estoppel presumption, Plaintiffs relied on the first and third categories.

Plaintiffs first argued Mr. McGinley could not have foreseen the Munchkin Rinser's design at the time of the amendment and supported this with a sworn statement in his affidavit. However, whether an alleged equivalent was foreseeable is "an objective inquiry, asking whether the alleged equivalent would have been unforeseeable to one of ordinary skill in the art at the time of the amendment." *Id.* at 1369. Mr. McGinley's subjective unforeseeability is insufficient to overcome the presumption of estoppel.

Next, Plaintiffs contended there was some other reason that Mr. McGinley could not reasonably have been expected to have described the Munchkin Rinser's design. Yet Plaintiffs' response brief was completely void of any description or guess of that purported reason. Plaintiffs' conclusory position cannot rebut the presumption of estoppel. Accordingly, prosecution history estoppel bars Plaintiffs from arguing the Munchkin Rinser infringes the divider limitation by equivalency.

That being said, the Court still believes a reasonable jury could conclude that the Munchkin Rinser literally infringes the divider limitation. Therefore, the Court's denial of summary judgment stands, but the April 8 Order is clarified in accordance with this Order. Defendant's Motion is **GRANTED.**

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: May 27, 2010